## GOELET *a.* ROSS.

*New York Superior Court; General Term, Oct.,* 1862.

LANDLORD AND TENANT.—SURRENDER.—EVIDENCE.—STATUTE OF FRAUDS.

Proof of an oral declaration by a landlord, that on payment of rent to a particular date he would release the tenant from further liability, accompanied by proof of payment of such rent, is not sufficient evidence of the surrender of premises held under a written lease.

Where a verdict in favor of one of the parties would be set aside as against evidence, it is the duty of the judge to direct a verdict in favor of the adverse party. His refusal to do so is error.

Appeal from a judgment.

This action was brought to recover two years' rent, under a lease, of a stone-yard, in New York city, for three years from May 1st, 1857. The lease was in writing, signed by the respective parties, but not under seal. The defendants occupied the premises, and paid rent till May 1st, 1858.

The principal defence was a surrender and acceptance prior to May 1st, 1858.

On the trial of the cause before Justice Robertson and a jury, the evidence showed the non-payment of the amount claimed; that no release or surrender *in writing* had ever been executed; that the premises were left by the defendants May 1st, 1858; and that the plaintiff never took formal possession of them until after the expiration of the lease in 1860. The defendants sought to show, by parol evidence of conversations between the parties prior to May 1st, 1858, that the plaintiff agreed, on payment to him of the rent up to that time, that he would release the defendants from further payment of rent, and from all their obligations under the lease, they to surrender and quit the premises; and that they had acted accordingly. On the testimony being closed, the court directed the jury to find a verdict for the amount claimed, with interest. Judg-

ment was subsequently entered thereon, and the defendants appealed to the general term.

*Dudley Field*, for the appellants.—I. The court erred in refusing to submit the case to the jury, in declining to charge, and in directing a verdict for the plaintiff.

II. There was sufficient evidence of an intention to discharge the defendants from further obligation to pay rent to go to the jury. 1. The conversations with the plaintiff amounted to an agreement, their part of which they duly performed. 2. The evidence showed that the plaintiff assented to the agreement, and acted on it. 3. As matter of law, a lessee may be discharged from the payment of rent, otherwise than by a written agreement cancelling the lease; and, therefore, the jury should have been permitted to pass on the evidence. (Wool *a.* Walbridge, 19 *Barb.*, 136; Hegeman *a.* McArthur, 1 *E. D. Smith*, 147; Benson *a.* Bolles, 8 *Wend.*, 175; Gore *a.* Wright, 8 *Ad. & El.*, 118; Germane *a.* Legge, 8 *B. & Cress.*, 324; Dodd *a.* Acklom, 6 *Man. & Gr.*, 672; Randall *a.* Rich, 11 *Mass.*, 494; Academy of Music *a.* Hackett, 2 *Hilt.*, 217; Stanley *a.* Koehler, 1 *Ib.*, 354.)

*Elbridge T. Gerry*, for the respondent.—I. The defence of a surrender of the lease, prior to its expiration by its own limitation, was not sustained by any evidence which would have justified the court in sending the case to the jury. 1. Prior to the Statute of Frauds, and at common law, a lease for a term of years might be effectually surrendered by parol. (2 *Shepp. Touch.*, 300, 305-7; 2 *Bl. Com.*, 318, *note.*) 2. But the design of that statute was to prevent any informal, premature determination of the interest of lessees. And the revisors, on its re-enactment in this State, curtailed its limits, to render them, if possible, more stringent. (*Stat.* 29 *Car. II.*, cap. 3, §§ 1–3; *Crabb's Eng. Law*, ed. of 1829, 514; 2 *Rev. Stat.*, 134, § 6; 3 *Ib.*, 5 ed., 220; *Browne on Stat. of Frauds*, §§ 41, 45–6, and cases cited; Thompson *a.* Wilson, 2 *Stark.*, 377; Rowan *a.* Lytle, 11 *Wend.*, 616; Ogden *a.* Sanderson, 3 *E. D. Smith*, 166.) 3. Admitting the conversation and agreement with the respondent as claimed, they did not amount to a surrender "by act and operation of law." These words do not refer to a mere parol

surrender; and the interests of these lessees thus sought to be disposed of, being for more than one year of the unexpired term, the case of Smith *a.* Devlin does not apply. (Mayberry *a.* Johnson, 3 *Greene* (*N. J.*), 116; Lyon *a.* Reed, 13 *Mees. & Wels.*, 285; approved in Creagh *a.* Blood, 3 *Jones & Latouche*, 161; Schieffelin *a.* Carpenter, 15 *Wend.*, 400; Lammott *a.* Gist, 2 *Har. & Gil.*, 433; Smith *a.* Devlin, 23 *N. Y.*, 363; affirming S. C., 6 *Bosw.*, 1.)

II. There was no proof of any re-entry by the plaintiff, and no change of possession prior to the expiration of the lease in 1860. Change of possession is essential to a verbal surrender, and mere abandonment, by a tenant, of the premises during the term, does not, in the absence of entry by the landlord, create a surrender, nor bar an action for the entire rent. (Schnisler *a.* Ames, 16 *Ala.*, 73, 76, 77; Johnston *a.* Huddlestone, 4 *B. & C.*, 922, 939; S. C., *McClell & Younge*, 141; Mollet *a.* Brayne, 2 *Campb. N. P.*, 103; Cannan *a.* Hartley, 9 *Com. Bench*, 634.)

III. So, there was no evidence to go to the jury, and the court properly directed a verdict for the plaintiff.

By THE COURT.*—MONCRIEF, J.—The counsel for the appellants, upon the argument of this appeal, conceded that the sole question arising therein is, "Is the weight of evidence against the direction by the learned judge to find a verdict against the defendants?" and he was understood to waive all other questions and exceptions. In other words, his proposition was: "In case the evidence had been submitted to the jury, who had found for the defendant, would such verdict be set aside?" A very careful examination of the testimony in the case has not enabled me to discover evidence upon which a verdict for the defendant could have been sustained. (2 *Smith's Lead. Cas.*, 459, *a*, *b*, *c*.) The learned judge, therefore, correctly directed a verdict in favor of the plaintiff. It would have been error to have refused to do so. (Steves *a.* Oswego & Syracuse R. R. Co., 18 *N. Y.*, 422.)

The judgment must be affirmed.

* Present, MONCRIEF, ROBERTSON, and MONELL, JJ.